HOLMES, APPELLANT, *v.*
UNION GOSPEL PRESS ET AL., APPELLEES.

(No. 80-481—Decided December 23, 1980.)

*Messrs. Oberholtzer, Filous & Chase* and *Mr. John C. Oberholtzer,* for appellant.

188

*Mr. William J. Brown,* attorney general, and *Mr. Eugene P. Nevada,* for appellee Bureau of Employment Services.

*Mr. Ronald Stanford Kahn* and *Mr. Lester J. Farber,* for appellee Union Gospel Press.

*Per Curiam.* The sole issue raised by this appeal is whether R. C. 4141.28(H) is unconstitutional on its face. This section gives any interested party the right to appeal an administrator's decision on reconsideration to the board of review within 14 calendar days after the decision on reconsideration was mailed to the last known post office address of the appellant.

Appellant argues that the statute is unconstitutional because it denies him due process of law by barring his appeal when he does not file it within the time required by the statute. He argues that the statute should be interpreted to create only a rebuttable presumption.

The United States Supreme Court, in the case of *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U. S. 306, stated the test to be applied in determining whether a statute providing for notice is constitutional. The court stated, at page 314, that the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." We have consistently held that where a statute confers a right of appeal, as in the instant case, strict adherence to the statutory conditions is essential for the enjoyment of the right to appeal. *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147; *Zier* v. *Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123; *Todd* v. *Garnes* (1975), 44 Ohio St. 2d 56.

In the recent case of *In re Foreclosure of Liens* (1980), 62 Ohio St. 2d 333, we rejected an argument similar to appellant's argument in this case. In that case, the constitutionality of R. C. 5721.18(B) was attacked on the ground that it provided only for a copy of a notice of the filing of a foreclosure action to be mailed by ordinary mail to the address of the person set forth in the complaint. At page 336, we stated the law as follows:

"The constitutionality of a notice mechanism is dependent

upon the likelihood of its ultimate success in notifying an interested party of a pending action. The precise test was articulated by the United States Supreme Court in *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U. S. 306, wherein the court held, at page 314, that a method for providing notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' "

We held that the notice mechanism provided in R. C. 5721.18(B) was reasonably calculated to give interested parties notice of a pending action.

There is no significant distinction between the effect of the notice requirement in R. C. 4141.28(H) and 5721.18(B). The requirement of R. C. 4141.28(H), that the administrator's decision on reconsideration be mailed "to the last known post office address of the appellant," contemplates that the administrator will mail the copy of the decision to the most current address available in the records of the bureau. That requirement is reasonably calculated to apprise the apellant of the decision and to afford him an opportunity to appeal within rule. R. C. 4141.28(H) meets the test of *Mullane, supra,* and *In re Foreclosure of Liens, supra,* and is therefore not unconstitutional on its face.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, HOLMES and MOYER, JJ., concur.

LOCHER, J., dissents.

MOYER, J., of the Tenth Appellate District, sitting for DOWD, J.

LOCHER, J., dissenting. I dissent from the majority opinion which, in effect, creates an irrebuttable presumption denying the claimant a right to appeal from the failure to file an appeal within 14 days, where the claimant did not receive notice of the adverse decision within that same 14-day period.

Reliance on *Mullane* v. *Central Hanover Bank & Trust Co.*

(1950), 339 U. S. 306, is misdirected in that the test of notice of "reasonably calculated, under all the circumstances" is expressly limited to those situations in which there are "practicalities and peculiarities."

The United States Supreme Court, in *Mullane, supra,* at pages 314-315, stated:

"***But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied.***

"***The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that [the]***conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.

"It would be idle to pretend that publication alone, as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers.***"

In *Roller* v. *Holly* (1900), 176 U. S. 398, the court noted that a five-day notice to a nonresident in another state on a suit to foreclose a lien on land, where it would require four days of constant traveling to reach the court, is insufficient to constitute reasonable notice of due process of law.

Quite clearly herein, appellant's due-process rights had been violated in that he had not been notified of the adverse decision within a reasonable time to appeal.

When notice is a person's due, process which is a mere gesture is not due process. *Covey* v. *Town of Somers* (1956), 351 U. S. 141.

Further analysis of *Mullane, supra,* reveals that the court, quoting from other United States Supreme Court decisions, at page 315, stated:

" 'The criterion is not the possibility of conceivable injury *but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.***' "

The subject to which R. C. Chapter 4141 pertains is the Unemployment Compensation Act, which undisputably is of critical importance to the financially crippled unemployed worker.

To make the character of the requirements just and reasonable, the claimant should be allowed to rebut the presumption of the receipt of the adverse decision by credible evidence, and, if that is accomplished, the board may obtain jurisdiction over the merits of the cause.

The additional scope of procedure would not impose a great financial or administrative burden upon the board.

The mailing of the administrator's decision to the claimant should raise only a rebuttable presumption that the claimant was, in fact, notified. The mere certification by a government employee as to the fact of mailing should not automatically bar a claimant without a further inquiry.