McCRUTER, APPELLEE, *v.* BOARD OF REVIEW, BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLANTS.

(No. 80-303—Decided December 30, 1980.)

*Mr. Robert H. Bonthius, Jr.,* and *Mr. Thomas W. Weeks,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Eugene P. Nevada* and *Mr. Raymond A. Stegmeier,* for appellants.

*Per Curiam.* R. C. 4141.28(L) provides that:

"All interested parties shall be notified of the referee's decision which shall include the reasons therefor, which decision shall become final unless, within fourteen days after the decision was mailed to the last known post office address of such parties, the board on its own motion removes or transfers such claim to itself or, an application to institute a further appeal before the board is filed by any interested party and such appeal is allowed by the board."

Appellee contends that R. C. 4141.28(L) should be inter-

preted to allow an application for further appeal to be filed within 14 days of the receipt of notice rather than 14 days after the referee's decision was mailed. However, such a reading would be contrary to the explicit language of the statute. Consequently, we hold that R. C. 4141.28(L) requires an application to be filed within 14 days after the referee's decision is mailed, regardless of when it is received.

Having so concluded, we must next decide whether that was done here. The certificate of mailing establishes that the referee's decision was mailed to the appellee on April 13, 1978.* Appellee filed an application to institute further appeal on May 2, 1978. Hence, the application was filed more than 14 days after the referee's decision was mailed.

Appellee's failure to file within the time limits of R. C. 4141.28(L) deprived the Board of Review of jurisdiction to hear the appeal. In *Zier* v. *Bureau of Unemployment Comp.* (1949), 151 Ohio St. 123, this court stated:

"An appeal, the right of which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements."

As the appellee did not perfect her application for further appeal in the manner prescribed by R. C. 4141.28(L), the Board of Review was correct in dismissing the application.

Appellee also contends that she was denied notice as required by the Due Process Clauses of the United States and Ohio Constitutions because she did not receive a copy of the referee's decision until April 28, 1978, one day after the last day on which an application for further appeal could have been filed.

Appellants argue that this question is not properly before this court because it was not set forth as an error complained

---

* The appellee correctly asserts that the appellants have the burden of proving the date that the decision was mailed. *King* v. *Garnes* (1973), 36 Ohio St. 2d 187; *Wycuff* v. *Fotomat Corp.* (1974), 38 Ohio St. 2d 196; *Proctor* v. *Giles* (1980), 61 Ohio St. 2d 211. However, unlike those cases, that burden has been met here. In *King, Wycuff* and *Proctor,* the only evidence of the date of mailing was a stamped (or similar) notation on the decision. See *Proctor,* at 213, fn. 2. Here, the certificate of mailing, signed by an employee of the Bureau of Employment Services, is sufficient evidence to support the finding that the referee's decision was mailed on April 13, 1978.

of, as required by R. C. 4141.28(O), in the notice of appeal filed by appellee in the Court of Common Pleas. We agree.

R. C. 4141.28(O) prescribes the method for appealing a decision of the Board of Review to a common pleas court. In part, it provides:

"Such notice of appeal shall set forth the decision appealed from and the errors therein complained of."

Compliance with these requirements is necessary to invoke the appellate jurisdiction of a common pleas court. *Zier* v. *Bureau of Unemployment Comp., supra.*

Since the appellee's notice of appeal failed to set forth the deprivation of due process as an error of the board, neither the Court of Common Pleas, the Court of Appeals, nor this court has the jurisdiction to entertain the argument.

Although, as stated, we are not ruling on the claim of deprivation of due process, we point to a case reviewed and determined this term where the claimant argued the unconstitutionality of R. C. 4141.28(H), which section requires a notice of appeal to the Board of Review to be filed within 14 days from the mailing of the administrator's decision. In *Holmes* v. *Union Gospel Press* (1980), 64 Ohio St. 2d 187, this court held this section of law constitutional and jurisdictional, even under the circumstances of that case where the claimant had shown that the decision was not received within the 14-day period specified in R. C. 4141.28(H).

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, HOLMES and STILLMAN, JJ., concur.

LOCHER, J., concurs in part.

STILLMAN, J., of the Eighth Appellate District, sitting for DOWD, J.

LOCHER, J., concurring. I agree with that portion of the majority opinion which states that the question concerning due process is not properly before this court, because it was not set forth as an error complained of as required by R. C. 4141.28(O), but I do take exception to the majority's reliance

on *Holmes* v. *Union Gospel Press* (1980), 64 Ohio St. 2d 187, for the determination that R. C. 4141.28(H) is not a deprivation of due process for the reasons more fully explained in my dissenting opinion in *Holmes* v. *Union Gospel Press, supra.*