**HARRISON, Appellant,**

**v.**

**OHIO STATE MEDICAL BOARD, Appellee.**\*

[Cite as *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE10–1457.

Decided May 9, 1995.

---

\* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1416, 655 N.E.2d 737.

*Kevin P. Byers Co., L.P.A.,* and *Kevin P. Byers,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Lili C. Kaczmarek,* Assistant Attorney General, for appellee.

---

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of M. Franklin Harrison, IV, D.O., appellant, from the August 19, 1994 decision and September 13, 1994 entry dismissing appellant's R.C. 119.12 appeal. On appeal, appellant asserts the following assignments of error:

"I. First Assignment of Error: The trial court abused its discretion and erred to appellant's prejudice when it dismissed the appeal for 'failure to exhaust his administrative remedies.'

"II. Second Assignment of Error: The trial court abused its discretion and erred to appellant's prejudice when it failed to review the record for reliable, probative and substantial evidence in support of the medical board revocation of Dr. Harrison's medical license."

The history of this case is as follows: On March 10, 1994, the State Medical Board of Ohio ("board") mailed a notice to appellant indicating its intent to revoke his medical license. This notice was sent certified mail, and provided that appellant had thirty days to request a hearing with the board pursuant to R.C. 119.07.

R.C. 119.07 provides:

" * * * Notice shall be given by registered mail, return receipt requested, and shall include the charges or other reasons for the proposed action, the law or rule directly involved, and a statement informing the party that he is entitled to a *hearing if he requests it within thirty days of the time of mailing the notice.* * * *" (Emphasis added.)

Initially it should be noted that the procedure set forth in R.C. 119.07 comports with due process. See *Tripodi v. Liquor Control Comm.* (1970), 21 Ohio App.2d 110, 50 O.O.2d 212, 255 N.E.2d 294.

The thirty days provided for by R.C. 119.07 began to run from the date that the board mailed the notice via certified mail, which was March 10, 1994. The record reveals that an unidentified party signed for this notice on March 22, 1994. Thirty days from the March 10 date of mailing was Friday, April 8, 1994. Appellant did not make any kind of request for a hearing until April 19, 1994, clearly beyond the thirty-day limit enunciated in R.C. 119.07. Appellant's letter was received by the board on April 20, 1994.

On June 16, 1994, the board put on the following order:

"Dr. Harrison did request a hearing in a letter dated April 19, 1994 and filed in the offices of the State Medical Board on April 20, 1994; however, such request was not received in a timely manner, more than thirty (30) days having elapsed since the mailing of the aforesaid Notice.

"WHEREFORE, it is hereby ORDERED that for the reasons outlined in the March 9, 1994 letter of notice, which is attached hereto and incorporated herein, accordingly, the license of Murke Franklin Harrison, IV, D.O., to practice osteopathic medicine and surgery in Ohio be *PERMANENTLY REVOKED.*"

Notice of this order was mailed certified mail on June 17, 1994. Appellant received notice of this order on June 27, 1994. Thereafter, on July 1, 1994, appellant filed an R.C. 119.12 appeal with the court of common pleas and filed a copy of this notice of appeal with the board on July 7, 1994. The board moved to dismiss the R.C. 119.12 appeal, arguing that appellant had failed to exhaust his administrative remedies by his failure to timely request an R.C. 119.07 hearing with the board. The court of common pleas agreed and dismissed the R.C. 119.12 appeal. Appellant then filed an appeal to this court.

In appellant's first assignment of error, appellant argues that the trial court abused its discretion and erred when it dismissed this appeal for failure to exhaust administrative remedies. The trial court found that, because appellant failed to file a timely request for an R.C. 119.07 hearing, appellant had failed to exhaust his administrative remedies, and for that reason, dismissed his R.C. 119.12 appeal to the court of common pleas.

The issue before this court is whether the trial court had jurisdiction to consider appellant's R.C. 119.12 appeal to that court. The trial court found that it did not have jurisdiction, as appellant had failed to exhaust his administrative remedies before the board. In *State v. Fiorica* (Nov. 3, 1988), Franklin App. No. 88AP–516, unreported, 1988 WL 118820, this court addressed this issue. In that case, the trial court held that the doctor's failure to timely request a hearing before the medical board constituted a failure to exhaust administrative remedies. There was *no issue* as to whether or not the doctor's request for a hearing was timely as it was undisputed that he did not timely request a hearing within the thirty days provided for by R.C. 119.07. Apparently, no request for a hearing was made until two days after the board had voted to revoke Fiorica's license. The trial court held that it lacked jurisdiction over the *subject matter* of appellant's appeal because no adjudicatory hearing had taken place at the administrative level. See R.C. 119.12. Because the doctor had failed to exhaust his administrative remedies, the trial court held that it lacked jurisdiction to hear the R.C. 119.12 appeal. This court agreed and affirmed the judgment of the trial court.

A similar result was reached in a case out of Cuyahoga County, *Alcover v. Ohio State Med. Bd.* (Dec. 10, 1987), Cuyahoga App. No. 54292, unreported, 1987 WL 27517. However, in that case, the court of common pleas refused to dismiss the R.C. 119.12 appeal for failure to exhaust administrative remedies because there *was* an issue as to whether the doctor had timely requested an R.C. 119.07 hearing. The trial court then affirmed the medical board's decision that the doctor's request for an R.C. 119.07 hearing was untimely. The Court of Appeals for Cuyahoga County affirmed and held that the court of common pleas could only decide if the doctor in that case was unjustly denied a hearing and could not address the merits as to whether or not the suspension of the license was appropriate. In its opinion, the court noted that the "relevant issue before the lower court was whether Dr. Alcover did, in fact, timely avail herself of the administrative remedies. Failing to do so, she deprived the Board and the court of jurisdiction to give her a hearing." *Id.*

Both of the parties cite our decision in *Hsueh v. Ohio State Med. Bd.* (Oct. 17, 1989), Franklin App. No. 88AP–276, unreported, 1989 WL 125076, wherein this court reviewed whether a dismissal by the board was proper. In that case, the board had informed the doctor involved that it proposed to deny his license. The doctor telephoned the board within the thirty-day period, and requested a one-week extension. However, the doctor's written request was not received by the board until after the thirty days had passed, although it was received before the expiration of thirty days plus one week extension. Approximately two months later, the state filed a motion to dismiss the R.C. 119.07 appeal and the board sustained the motion to dismiss. Thus, the issue on the R.C. 119.12 appeal to the court of common pleas was whether or not the board's dismissal was proper.

The trial court remanded the matter to the board for a hearing and the board appealed to this court, arguing that the trial court erred in denying its motion to dismiss for lack of jurisdiction for failure to exhaust administrative remedies. This court disagreed, noting that the doctor *had* arguably requested a hearing with the board. Thus, this court found that the doctor had pursued his administrative remedy, noting that "a contrary holding would require this court to conclude that when the Board dismisses an appeal as untimely, such dismissal is nonreviewable."

In the instant action, the board determined that appellant's R.C. 119.07 appeal was untimely, and proceeded to order that appellant's license be revoked. Thus, pursuant to *Hsueh*, the court of common pleas could review whether the board's determination, that the request for a R.C. 119.07 hearing was untimely, was proper.

However, in the instant action, the decision that is being appealed to the court of common pleas pursuant to R.C. 119.12 is the board's revocation of appellant's

license. In his *notice of appeal* to the common pleas court, appellant does not raise the issue of whether his request for a hearing was timely. Rather, he argues that the board's order revoking his license is not supported by reliable, probative and substantial evidence.

■ In the instant action, the court of common pleas dismissed the R.C. 119.12 appeal because appellant failed to exhaust his administrative remedies by his failure to timely request a hearing pursuant to R.C. 119.07. To the extent that appellant attempted to request an R.C. 119.07 hearing, the court of common pleas could review whether this request was timely and whether the board erred in its failure to conduct such a hearing. The court did not have jurisdiction to hear the merits of the order which revoked appellant's medical license.

This court notes that R.C. 119.12 provides that:

"Any party desiring to appeal *shall file a notice of appeal with the agency* setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, *such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order* as provided in this section. * * *" (Emphasis added.)

■ The right of appeal in this type of action is not an inherent right. Rather, it has been conferred by statute. *Arndt v. Scott* (App.1955), 72 Ohio Law Abs. 189, 134 N.E.2d 82. As stated by the Ohio Supreme Court: "We have consistently held that where a statute confers a right of appeal, as in the instant case, strict adherence to the statutory conditions is essential * * *." *Holmes v. Union Gospel Press* (1980), 64 Ohio St.2d 187, 188, 18 O.O.3d 405, 406, 414 N.E.2d 415, 416. See, also, *McCruter v. Bd. of Review* (1980), 64 Ohio St.2d 277, 18 O.O.3d 463, 415 N.E.2d 259; *Griffith v. J.C. Penney Co.* (1986), 24 Ohio St.3d 112, 24 OBR 304, 493 N.E.2d 959.

■ In the instant action, the board mailed its decision on June 17, 1994. Appellant filed a notice of appeal with the court of common pleas on July 1, 1994. However, appellant failed to file a notice of appeal with the board within fifteen days. The board finally received a *copy* of this notice on July 7, 1994, twenty-one days since the date of mailing of June 17, 1994. Thus, appellant failed to comply with R.C. 119.12, in that he failed to file an original notice of appeal with the board within fifteen days. It is well settled that the failure to file a notice of appeal with the appropriate agency within the fifteen-day limit provided for in R.C. 119.12 is a jurisdictional defect. *Arndt, supra,* paragraph one of the syllabus; *Hayes v. Montgomery Cty. Bd. of Commrs.* (1994), 94 Ohio App.3d 597, 600, 641 N.E.2d 277, 279.

Thus, the court of common pleas did not have jurisdiction to hear appellant's R.C. 119.12 appeal because appellant failed to comply with the procedure set forth in R.C. 119.12.

For all of the above reasons, appellant's first and second assignments of error are hereby overruled and the judgment of the Franklin County Court of Common Pleas dismissing this case is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and LAZARUS, J., concur.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1408, 655 N.E.2d 187.