**BURKE, Appellant,**

v.

**OHIO BUREAU OF MOTOR VEHICLES, Appellee.**

Court of Common Pleas of Ohio,
Franklin County.

No. 00CVF03–2631.

Decided May 17, 2000.

*Timothy M. Burke, pro se.*

*Betty D. Montgomery,* Attorney General, and *Cheryl D. Pokorny,* Assistant Attorney General, for appellee.

NODINE MILLER, Judge.

On April 18, 2000, appellee Ohio Bureau of Motor Vehicles ("BMV") filed a motion to dismiss. Appellant Timothy M. Burke did not respond.

■ The procedural underpinnings of this case are as follows. On March 15, 2000, the BMV suspended Burke's driver's license. Burke filed a notice of appeal with this court on March 24, 2000. However, Burke did not file an original copy with the BMV. Subsequently, the court sent, via certified mail, a copy of the notice of appeal to the BMV. The BMV received the copy on April 6, 2000— twenty-two days after the BMV suspended Burke's license.

The BMV contends that Burke did not timely file a notice of appeal with the BMV pursuant to R.C. 119.12. R.C. 119.12 provides:

"Any party desiring to appeal *shall file a notice of appeal with the agency* setting forth the order appealed from and the grounds of the party's appeal. *A copy of such notice of appeal shall also be filed by the appellant with the court.* Unless otherwise provided by law relating to a particular agency, such notices of appeal *shall be filed within fifteen days* after the mailing of the notice of the agency's order as provided in this section." [1]

■ A case that examines R.C. 119.12 as it is relevant to the issue before the court is *Harrison v. Ohio State Med. Bd.* [2] As in this case, the appellant in *Harrison* filed a copy of the notice of appeal with the board. The Tenth District Court of Appeals noted that "appellant failed to comply with R.C. 119.12, in that he failed to file an original notice of appeal with the board within fifteen days. [Thus,] the failure to file a notice of appeal with the appropriate agency within the fifteen-day limit provided for in R.C. 119.12 is a jurisdictional defect." [3]

It is well established that " 'where a statute confers a right of appeal, as in the instant case, strict adherence to the statutory conditions is essential.' " [4] The record reveals that Burke did not strictly adhere to the requirements of R.C. 119.12. As a result, this court lacks subject-matter jurisdiction. Accordingly, the BMV's motion to dismiss is hereby granted. This is a final appealable order and there is no just cause for delay.

*Motion granted.*

1. R.C. 119.12 (emphasis added).

2. *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 659 N.E.2d 368.

3. *Id.,* 103 Ohio App.3d at 321, 659 N.E.2d at 371 (citations omitted).

4. *Id.,* quoting *Holmes v. Union Gospel Press* (1980), 64 Ohio St.2d 187, 188, 18 O.O.3d 405, 406, 414 N.E.2d 415, 416, and citing *McCruter v. Bd. of Review* (1980), 64 Ohio St.2d 277, 18 O.O.3d 463, 415 N.E.2d 259; *Griffith v. J.C. Penney Co., Inc.* (1986), 24 Ohio St.3d 112, 24 OBR 304, 493 N.E.2d 959.