OPINION
Appellant, Ethelmae Miller ("Miller"), appeals a decision of the Butler County Court of Common Pleas dismissing her appeal of a decision of the Ohio Unemployment Compensation Review Commission ("Review Commission"). The decision of the Review Commission disallowed further appeal of its administrative decision denying Miller unemployment benefits. The judgment of the trial court is affirmed.
Miller began working for Goodwill Industries of the Miami Valley ("Goodwill") on March 12, 1998 as an assistant manager. In this position, she was regularly required to lift up to fifty pounds. During August of that year, Miller began experiencing pain in her back and right leg. After seeking medical help in October 1998, Miller was diagnosed with a bulging disk. Her doctor ordered that she not lift anything heavier than ten pounds.
Miller continued to work for Goodwill until November 18, 1998, when she informed her manager that she would be starting a new job with Armco the following Monday. Miller contends that she left Goodwill because her back and leg pain prevented her from lifting more than ten pounds, which her position required her to do. Goodwill contends Miller's limitations were adequately accommodated, and that she resigned in order to accept a higher paying position. Whatever her motivation for quitting, Miller did not begin working for Armco as expected and subsequently filed an application for unemployment benefits.
On December 23, 1998, an initial determination was made by the Ohio Bureau of Employment Services ("OBES"), allowing Miller's claim for unemployment benefits for the year ending May 1999. Goodwill appealed this initial determination. Pursuant to R.C.4141.28(G), jurisdiction was transferred to the Review Commission. On March 3, 1999, the Review Commission issued a decision denying Miller's claim. Miller timely filed a request for further appeal of the Review Commission's decision.
The Review Commission denied Miller's request for further appeal in a May 5, 1999 decision which contained the following language:
 An appeal from this decision may be filed in a Court of Common Pleas within thirty (30) days from the date of mailing, in the manner set forth in Section 4141.28(O), Revised Code of Ohio. If your appeal is filed more than thirty days from the date of mailing then you may ask the common pleas court to determine the timeliness of your appeal.
Miller was clearly informed that if she disagreed with the decision, she had to file an appeal with the common pleas court within thirty days.
OBES issued another decision on March 10, 1999 allowing Miller's first weekly claim for benefits for the new benefit year ending July 2000. When she stopped receiving unemployment compensation in the first week of July 1999, Miller filed an appeal contesting the Review Commission's May 5, 1999 decision as to benefits for the year ending May 1999. The appeal was filed on July 7, 1999, approximately sixty days after the Review Commission's decision was issued.
The trial court held a hearing on Miller's appeal and ultimately dismissed it in an entry filed November 9, 1999. The trial court found that the appeal had been untimely filed and dismissed it for lack of jurisdiction. Miller now appeals from the trial court's dismissal of her appeal of the Review Commission's May 5, 1999 decision.
Miller raises ten assignments of error to the trial court's decision. However, the trial court only addressed the jurisdictional question of the timeliness of Miller's appeal. Finding that it was without jurisdiction, the trial court dismissed the appeal. Therefore, although many of Miller's assignments of error relate to the merits of her claim for unemployment benefits, the only issue properly before this court for review is whether the trial court erred by dismissing her appeal for lack of jurisdiction based upon untimely filing. The assignments of error are as follows:
Assignment of Error No. 1:
 The Common Pleas Court erred, and abused its discretion, in finding the issue stated in Appellees' Motion to Dismiss to be valid and sufficient cause to dismiss Appellant's appeal as the issue relied upon by the Review Commission, that Appellant failed to file a timely appeal from the denial of unemployment compensation benefits, is not a valid issue, as Appellant is not denied benefits but is, in fact, entitled to receive benefits in accordance with the most recent Determination of Benefits dated March 10, 1999. (Emphasis sic.)
Assignment of Error No. 2:
 The Court of Common Pleas abused its discretion in creating a duty to also appeal to the Court from Hearing Officer and Review Commission decision made void by statute seven months prior to the hearing before the Court as Appellant was not required by regulation, statute, or case law to appeal to the Court from those decisions.
Assignment of Error No. 3:
 The Court of Common Pleas failed in its duty to determine whether the issue raised in Appellees' Motion to Dismiss was a valid issue supported by the evidence in the record before the Court where the evidence clearly and irrefutably states the issue is not valid.
Assignment of Error No. 4:
 The Court erred, and abused its discretion, in ruling the U.S. District Court, Southern District of Ohio, decision quoted in the most recent Determination of Benefits is "unrelated to the issues of (Appellant's) appeal" when Appellant raised the issue addressed by the U.S. District Court decision in two documents submitted to the Court prior to the hearing, and then three times during the hearing.
Assignment of Error No. 5:
 The Common Pleas Court erred, and abused its discretion, in failing to address the issues raised in Appellant's appeal as those issues show the actions of the Review Commission, illegal withholding of benefits the Ohio Bureau of Employment Services has determined Appellant is entitled to receive, result solely from Review Commission errors.
Assignment of Error No. 6:
 The Common Pleas Court erred, and abused its discretion, in bestowing validity upon invalid instruments, and conversely denying validity to instruments that are in and of themselves valid instruments.
Assignment of Error No. 7:
 The Common Pleas Court erred, and abused its discretion, in denying Appellant's established and existing right to receive unemployment compensation benefits as stated in the most recent Determination of Benefits without considering the evidence in the record that supports the Determination of Benefits, and Appellant's right to receive benefits under the unemployment compensation laws of the State.
Assignment of Error No. 8:
 The Court erred in not addressing the issue of misrepresentation of the evidence by Appellee's counsel and then focusing upon and forcing Appellant to disprove obvious misrepresentations and moot, invalid, issues instead of addressing the valid issues of Appellant's appeal as shown by the evidence before the Court. The Court has a duty to determine if the decisions and actions of the Review Commission are reasonable, legal, and supported by the weight of the evidence, including misrepresentations made by Appellees' counsel.
Assignment of Error No. 9:
 The Court erred, and abused its discretion, in finding Appellant's understanding of the issues and lack of confusion to be reasons to grant Appellee's Motion to Dismiss as Appellant's understanding of the issues and lack of confusion were not prerequisite to the issues before the Court. Appellant never claimed to not to understand the issues, or to be confused.
Assignment of Error No. 10:
 The Common Pleas Court erred, and abused its discretion, in denying Appellant due process and constitutional rights, and thereby mandating inequity, as the Court's decision is clearly arbitrary, unreasonable, contrary to law, to the evidence, and to the U.S. District Court decision quoted in the most recent determination which allows payment of benefits to Appellant.
Addressing Miller's first assignment of error, we note that the jurisdictional time limits within which an appeal may be perfected from a decision of the Review Commission are set forth in R.C. 4141.28(O)(1). In pertinent part, that section provides:
 Any interested party * * * within thirty days after notice of the decision of the commission was mailed to the last known post-office address of all interested parties, may appeal from the decision of the commission to the court of common pleas * * *. Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court.
The time requirements set forth in R.C. 4141.28(O)(1) are both mandatory and jurisdictional. See Trisler v. Board ofReview (Aug. 10, 1992), Clermont App. No. CA91-09-077, unreported, at 3, citing McCruter v. Bd. of Review (1980),64 Ohio St.2d 277; and Holmes v. Union Gospel Press (1980),64 Ohio St.2d 187. Failure to timely file a notice of appeal deprives the court of common pleas of jurisdiction to hear the appeal unless the trial court finds that the filing was timely filed under the provisions of R.C. 4141.28(Q). R.C.4141.28(O)(2); Todd v. Garnes (1975), 44 Ohio St.2d 56, 57. The trial court found that there was no basis on which to find Miller's appeal timely filed. Upon review of the record, we agree.
Miller does not contend that she was unaware of the filing requirement or that she was unable to comply with it. Rather, she argues that she believed that the March 10, 1999 OBES decision, allowing her initial claim for benefits in the year ending July 2000, somehow superseded the May 5, 1999 decision of the Review Board. She therefore concluded that no appeal was necessary on her part until her benefits were terminated in July 1999.
R.C. 4141.28(Q) sets forth specific circumstances in which the time for filing an appeal may be extended: (1) when the last day of an appeal period is a Saturday, Sunday, or legal holiday; (2) when an interested party provides certified medical evidence stating that the party's physical condition or mental capacity prevented the party from filing an appeal; or (3) when an interested party provides evidence that the party did not actually receive the decision within the appeal period. Miller's argument as to confusion over the prevailing order does not fall within one of the stated exceptions. In fact, she has failed to present any evidence that her failure to file in a timely fashion falls under any of the statutory provisions.
Although the Review Commission and OBES may have rendered decisions which seemed contradictory, the Review Commission decision was filed well after the March 10 decision issued by OBES. Miller was clearly notified of the time limitation to file an appeal if she did not agree with the decision of the Review Commission. Any confusion caused by the contradictory decisions does not excuse Miller's failure to timely file her appeal.
Miller was required to file a notice of appeal within thirty days after the notice of the decision of the Board of Review was mailed to her. She has failed to present any evidence which would indicate that her appeal, filed more than sixty days after the decision of the Review Commission issued, was timely filed. Since cher July 7, 1999 filing was not timely under R.C. 4141.28(O), the trial court was deprived of jurisdiction to hear the appeal. Accordingly, the trial court did not err in dismissing Miller's appeal for lack of jurisdiction. The first assignment of error is overruled.
Having overruled the first assignment of error, we find that the remaining assignments of error are rendered moot.
The judgment of the trial court is affirmed.
 ______________________ VALEN, J.
YOUNG, P.J., and WALSH, J., concur.