**BAILEY, Appellant,**

v.

**OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, Appellee.**

Court of Common Pleas of Ohio,
Franklin County.

No. 99CVF 02–1195.

Decided Oct. 27, 2000.

*Joseph P. McCafferty,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Cheryl D. Pokorny,* Assistant Attorney General, for appellee.

On Motions to Vacate and to Dismiss

LISA L. SADLER, Judge.

This matter is before the court on appellee's motions to vacate prior decisions of this court and to dismiss the instant appeal for lack of subject-matter jurisdiction. Appellee's motions have been fully briefed and, pursuant to Loc.R. 21.01, are deemed submitted for decision.

I. Introduction

This case began when appellant Edwin D. Bailey filed a notice of appeal from a decision of appellee Ohio Department of Administrative Services ("DAS") denying his application for disability benefits. DAS notified Bailey of its decision to deny benefits on February 2, 1999, and Bailey subsequently filed notices of appeal with DAS and with the clerk of courts. This court has jurisdiction pursuant to R.C. 119.12.

R.C. 119.12 provides:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * *

"* * *

"Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected."

On November 9, 1999, this court rendered a decision on two separate motions that had been filed by Bailey. In that decision, the court found that DAS had failed to file a transcript of the administrative hearing and that its failure to file a transcript mandated a finding in favor of Bailey. The agency's decision denying benefits was therefore reversed, and the matter was remanded to DAS for proceeding consistent with the court's decision.

DAS interpreted the court's November 9, 1999 decision as an instruction to hold a second administrative hearing on Bailey's application for disability benefits. Bailey, on the other hand, asserted that the court's reversal of the DAS decision of February 2, 1999 was not simply procedural but was *on the merits* of his application, entitling him to receive disability benefits. When DAS refused to award disability benefits on remand, Bailey filed a motion to hold DAS in contempt of court.

Bailey's motion for contempt was referred to Angela Phelps–White, a magistrate of this court, for a hearing. A hearing was held on May 26, 2000. In a decision rendered on July 20, 2000, Magistrate Phelps–White interpreted this court's November 9, 1999 decision as a reversal on the merits of Bailey's disability benefits application and clarified that the remand to DAS was not for a second administrative hearing but for "proceedings consistent with the granting of appellant's claim for disability benefits." In light of the conflict in interpreting this court's prior decision, the magistrate decided that Bailey's motion for contempt should be denied.

DAS filed objections to the magistrate's decision and Bailey filed a memorandum in opposition. In a decision and entry filed on September 7, 2000, this court overruled DAS's objections, adopted the magistrate's decision in full, and remanded the matter to DAS with instructions to enter a finding that Bailey is entitled to the benefits for which he applied.

This matter is again before the court, this time on DAS's motions to vacate the decisions of November 9, 1999 and September 7, 2000 and to dismiss Bailey's appeal for lack of subject-matter jurisdiction.

II. Appellee's motions to vacate and dismiss

As an initial matter, the court notes that the issue of subject-matter jurisdiction cannot be waived and therefore can be raised at any time during the proceedings. *State ex rel. Wilson–Simmons v. Lake County Sheriff's Dept.* (1998), 82 Ohio St.3d 37, 40, 693 N.E.2d 789, 791. Thus, if DAS's argument that this court lacks subject-matter jurisdiction is correct, then the fact that it was raised almost two years later than it should have been and after untold, limited resources were expended by the parties and this court is irrelevant. Without subject matter jurisdiction, there would be no choice but to dismiss. See, *e.g., Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941.

In support of its motion, DAS argues that Bailey did not strictly comply with the statutory procedure for filing his notices of appeal. R.C. 119.12, quoted above, requires that an appellant "shall file a notice of appeal with the agency" and that "[a] copy of such notice of appeal shall also be filed by the appellant with the court." Both notices must be filed within fifteen days of the mailing of the agency's order. Failure to strictly comply with these statutory requirements, DAS argues, deprives this court of jurisdiction over the subject matter of the appeal.

The record in this case clearly indicates the following:

(1) DAS issued its administrative decision on February 2, 1999 and sent a copy of the decision to Bailey by certified mail on February 3, 1999;

(2) Bailey sent a letter addressed to the Clerk of the Franklin County Common Pleas Court notifying the clerk that DAS had denied benefits to him and that he has appealed this denial and wishes to have a jury trial set onto the docket to have a jury of his peers deem him eligible for disability benefits. This letter was time-stamped by the clerk of courts on February 12, 1999 and appears on the docket sheet for this case as Bailey's notice of appeal; and

(3) On February 15, 1999, Bailey and his wife sent a letter addressed to Sandra Drabik at DAS. This letter informs DAS that "we have filed suit with the Franklin County Court of Common Pleas" and sets forth the grounds for Bailey's appeal.

Thus, it appears that Bailey has not strictly complied with the statutory requirements for filing his notice of appeal; instead of filing a notice of appeal with the agency and then a "copy of such notice" with the court, he appears to have filed separate notices (neither letter can be said to be a "copy" of the other) in reverse chronological order. Is this enough to deprive this court of jurisdiction?

DAS directs the court to two recent decisions from the Tenth District Court of Appeals. The first is *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d

317, 659 N.E.2d 368. The second is *Carnes v. Ohio Dept. of Commerce* (Aug. 31, 2000), Franklin App. 99AP–1439, unreported.

In *Harrison,* the appellant filed a notice of appeal with the trial court and then filed a *copy* of that notice with the agency. The court of appeals noted that R.C. 119.12 requires that a "notice of appeal" be filed with the agency, not a copy of a notice of appeal, and concluded that the appellant's failure to strictly comply with this requirement was a jurisdictional defect mandating dismissal. *Id.,* 103 Ohio App.3d at 321, 659 N.E.2d at 371.

In *Carnes,* the appellant also filed an original notice of appeal with the court and a copy of that notice with the agency. The court of appeals cited *Harrison* for the proposition that failure to file the original notice of appeal with the agency within the allotted time constitutes a jurisdictional defect, and affirmed the trial court's dismissal.

*Harrison* and *Carnes* are distinguishable on their facts from the case at bar. *Harrison* and *Carnes* both involved an appellant filing an original notice of appeal with the court and a copy with the agency. Here, Bailey filed two separate and distinct notices. In this court's view, the letter sent to DAS on February 15, 1999 was an original and timely notice of appeal; it was not a "copy" of the notice filed with the clerk of courts.

Unfortunately, however, no copy of the February 15, 1999 letter to DAS was ever filed with this court. And the Tenth District Court of Appeals, in *In re Namey* (1995), 103 Ohio App.3d 322, 659 N.E.2d 372, held that where an appellant filed a timely original notice of appeal with the agency but failed to file a copy of such notice with the court within fifteen days, that too was a jurisdictional defect mandating dismissal. On the facts as they have so far been developed, it would appear that this court has no choice but to dismiss. Strict compliance means strict compliance.

In his memorandum in opposition to the motion to dismiss, Bailey raises the issue that he filed his notices of appeal in the manner that he did because that is how DAS instructed him to file them. Bailey has submitted a copy of the cover letter sent to him by DAS along with its decision denying benefits. This letter reads:

"If you wish to appeal this Adjudication Order, you may appeal to the Franklin County Court of Common Pleas. The provisions in Ohio Revised Code Section 119.12 would govern your appeal.

"In the event that you do appeal, you must, within 15 days from the mailing of this letter, *file your Notice of Appeal with the Franklin County Court of Common Pleas. A copy of your Notice of Appeal must also be filed with Administrative Services.*" (Emphasis added.)

DAS acknowledges that it "did advise appellant that R.C. 119.12 governed the appeal, but the directions given for perfecting the appeal were incorrect." DAS continues, "This is truly unfortunate, but it does not vest jurisdiction in this court." This court agrees with only one part of that last statement.

R.C. 119.09 governs the procedure during and immediately after an adjudication hearing such as the one at issue here. That section provides, *inter alia,* that after an agency has entered an order on its journal, "the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time *and method by which an appeal may be perfected.* A copy of such order shall be mailed to the attorneys or other representatives of record representing the party." (Emphasis added.)

The Supreme Court of Ohio has held that an agency must strictly comply with these requirements:

"We hold that the fifteen-day appeal period in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09. Were we to hold otherwise, it is conceivable that an affected party could lose its right to appeal before receiving notice of an agency's decision, and thereby be deprived of its due process rights." *Sun Refining & Marketing Co. v. Brennan* (1987), 31 Ohio St.3d 306, 309, 31 OBR 584, 586–587, 511 N.E.2d 112, 115. See, also, *Foster v. Cuyahoga Cty. Bd. of Commrs.* (Mar. 21, 2000), Franklin App. No. 99AP–795, unreported, 2000 WL 290224; *In re Haddix* (June 13, 1985), Franklin App. No. 85AP–124, unreported, 1985 WL 10323.

■ Here, DAS acknowledges that it has not fully complied with the requirements of R.C. 119.09, as it has erroneously instructed Bailey of the method by which an appeal may be perfected. It follows that the fifteen-day time period never began to run and there is no jurisdictional defect.

■ Ordinarily, the remedy to be applied in this situation would be to begin the appeal process over again: DAS would serve its notice to Bailey in compliance with R.C. 119.09 and Bailey would then have fifteen days to properly file his notice of appeal. See *Sun Refining & Marketing Co., supra.* In the case at bar, however, this would be an exercise in futility, as DAS would still be unable [1] to file with this court a transcript of Bailey's administrative hearing and the agency's decision, on motion by Bailey, would still have to be reversed. The court sees no point in expending additional resources in this manner. Accordingly, the decisions of November 9, 1999 and September 7, 2000 will stand.

---

1. DAS's recording equipment malfunctioned during Bailey's hearing; consequently, DAS had no record from which to produce a transcript.

### III. Conclusion

For the foregoing reasons, appellee's motions to vacate and to dismiss are not well taken and are hereby overruled.

It is so ordered.

*Motions overruled.*