JOURNAL ENTRY AND OPINION
Appellant, Sidney Buchler, appeals from the decision of the Cuyahoga County Court of Common Pleas, that dismissed with prejudice his appeal from an order of appellee, the Ohio Department of Commerce, Division of Real Estate Professional Licensing for failure to follow the statutory requirement for filing an appeal.
Following a complaint, the Division of Real Estate investigated appellant and notified him that its investigation revealed reasonable and substantial evidence of acts in violation of R.C. Chapter 4735 and that the following allegations would be considered at a formal hearing:
 On or about March 17, 1997, you prepared an agreement for Ms. Gertrude Boyce to lease/ purchase property at 2407 Ashurst, University Heights, Ohio. In connection with this agreement, Ms. Boyce gave you $5,000 which was identified in the agreement as earnest money.
 This money was collected by you in a fiduciary capacity and so placed in your trust account.
 Neither the purchase agreement nor lease authorized the disbursal of the $5,000.
 However, on or about May 20, 1997, you proceeded to disburse the funds to yourself and the property owner. Your failure to draft an agreement authorizing the disbursal of funds and so clearly reflecting the intent of the parties constitutes gross negligence, misconduct, or incompetency in violation of Ohio Revised Code Section 4735.18(A)(6).
 Throughout 1997, you would utilize funds collected by you in a fiduciary capacity and being maintained in your trust account to pay fees assessed against the account by the financial institution. Your use of fiduciary funds to pay your brokerage's operating expenses constitutes gross negligence, misconduct, or incompetency in violation of Ohio Revised Code Section 4735.18(A)(6).
Following a hearing, the examiner found that appellant committed both violations. Thereafter, appellant filed objections to the hearing examiner's report, and the Ohio Real Estate Commission reviewed the matter at its December 1, 1999 meeting. On December 8, 1999, the Commission adopted the findings of fact and conclusions of law of the hearing examiner and issued the following order:
 * * * Sidney Buchler is found to have violated Ohio Revised Code Section 4735.18(A)(6) as set forth in paragraph 1 of the Notification of Formal Hearing, and for this offense his license is hereby suspended for a period of thirty (30) days, he is fined One Thousand ($1,000.00) Dollars, and he is required to complete and to submit proof of completion of the ten (10) hour post-licensure brokerage course. Further, he is found to have violated Ohio Revised Code Section 4735.18(A)(6) as set forth in paragraph 2 of the Notification of Formal Hearing and for this offense his license is suspended for a period of thirty (30) days, and he is fined Five Hundred ($500.00) Dollars. The suspensions shall run consecutively (for a total of 60 days), to commence on December 29, 1999, and the fines are a cumulative total of $1,500.00, to be paid by January 7, 2000. The education must be submitted to the Division within sixty (60) days of the date of this Order.
On December 20, 1999, appellant filed a notice of appeal in the Cuyahoga County Court of Common Pleas, and he sent a copy of that notice to appellee. On January 26, 2000, appellee filed a motion to dismiss the appeal with prejudice for failure to comply with the filing requirements of R.C. 119.12. The trial court granted the motion and dismissed the appeal with prejudice. From this judgment, appellant assigns a single assignment of error:
 WHERE THE TRIAL COURT DISMISSED APPELLANT'S APPEAL FROM AN ADMINISTRATIVE AGENCY WITH PREJUDICE, APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW WERE VIOLATED.
Appellant contends that his appeal was improperly dismissed because he complied with the filing requirements of R.C. 119.12 by filing an original notice of appeal with the common pleas court and a copy of that notice with the agency.
R.C. 119.12 governs the procedure for filing notices of appeal from orders issued by administrative agencies and provides in part:
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court.
 Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.
Appellant asserts that the trial court had jurisdiction over the appeal because appellee had adequate notice of the appeal even though it received a copy of the notice of appeal filed in the trial court rather than an original notice. He maintains that R.C. 119.12 does not specifically provide that an original notice of appeal must be filed with the administrative agency. He further maintains that the failure to file an original notice of appeal with the agency is a minimal error which should not deprive him of his right to appeal.
The right of appeal from an administrative order is not an inherent right; rather, it is a right conferred by statute. Arndt v. Scott (App. 1955), 72 L.Abs. 189, 134 N.E.2d 82. Where a statute confers a right of appeal, the appealing party must strictly adhere to the statutory conditions. Holmes v. Union Gospel Press (1980), 64 Ohio St.2d 187, 188,414 N.E.2d 415. In construing R.C. 119.12, the Ohio Supreme Court has stated that `there is no need to liberally construe a statute whose meaning is unequivocal and definite.' Nibert v. Ohio Dept. of Rehab. and Corr. (1998), 84 Ohio St.3d 100, 102, 702 N.E.2d 70, quoting Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn. (1994), 69 Ohio St.3d 521, 525,634 N.E.2d 611. A party's failure to comply with the dictates of R.C.119.12 deprives a trial court of jurisdiction over the appeal. See Id., citing In re Namey (1995), 103 Ohio App.3d 322, 659 N.E.2d 372.
R.C. 119.12 plainly provides that an appealing party shall file a notice of appeal with the agency and a copy of that notice with the court. In Harrison v. Ohio State Medical Board (1995), 103 Ohio App.3d 317,659 N.E.2d 368, the Tenth Appellate District held that R.C. 119.12
requires an appealing party to file an original notice of appeal with the administrative agency and that filing a copy of the notice with the agency was insufficient to vest the trial court with jurisdiction over the appeal. Id. at 321. We agree with the Tenth District's construction of the statute. If it were sufficient to file a copy of the notice of appeal with the administrative agency, the statute would have so provided.
Furthermore, this court has held that in administrative appeals governed by R.C. 2505.04, an original notice of appeal must be filed with the administrative board. Sending a copy of a notice that had been filed in the court of common pleas did not satisfy the statute's requirement that a notice of appeal be filed with the administrative board. See Young Israel of Beachwood v. Beachwood (2000), 138 Ohio App.3d 89,740 N.E.2d 349. Given our position with respect to administrative appeals governed by R.C. 2505.04, a party does not comply with the requirement of R.C. 119.12 that a notice of appeal be filed with the administrative agency when he submits a copy of a previously filed notice to the agency. Because appellant failed to file an original notice of appeal with the Department of Commerce, Division of Real Estate, as required by R.C. 119.12, the court of common pleas did not have jurisdiction to hear the appeal and did not err by dismissing it. Appellant's sole assignment of error is overruled.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ FRANK D. CELEBREZZE, JR., JUDGE:
KENNETH A. ROCCO, P.J., AND ANNE L. KILBANE, J., CONCUR.