CARTER, Appellant,

v.

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, Appellee.

Court of Common Pleas of Ohio,
Franklin County.

No. 00 CVF 10 09696.

Decided Aug. 3, 2001.

*Ruby P. Carter, pro se.*

*Betty D. Montgomery,* Attorney General, and *Cheryl D. Pokorny,* Assistant Attorney General, for appellee.

On Motion to Dismiss

On Motion for Judgment of the Record

JENNIFER L. BRUNNER, Judge.

This is an appeal from an adjudication order by appellee, the Ohio Department of Administrative Services ("DAS"), denying appellant's application for an exten-

sion of disability leave benefits. Appellant Ruby P. Carter, filed her notice of appeal in this court without benefit of counsel on October 31, 2000. The adjudication order from which appellant appeals was signed by the Director of DAS on October 16, 2000, and a letter notifying appellant of the outcome of her appeal was dated and mailed the following day. On January 9, 2001, the deadline for filing appellant's brief, according to the original case schedule herein, appellant faxed a letter to the court with copies of agency correspondence relating to her claim.

On January 23, 2001, DAS filed a motion to dismiss the appeal on the ground that this court lacks subject-matter jurisdiction for the reason that appellant's original notice of appeal was not timely filed with DAS as required by R.C. 119.12. On the same date, appellee also filed a motion for judgment on the record, arguing on the merits that the order of the Director of DAS should be affirmed as a matter of law. There is no response to either of the motions by appellee filed in the record, and the time for briefing has passed. Both motions are deemed submitted to the court for decision pursuant to Loc.R. 21.01 and 59.01.

R.C. 119.12 provides:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order * * *."

The failure to file the original notice of appeal with the agency within the fifteen-day time limit as required by the quoted portion of R.C. 119.12 deprives this court of subject-matter jurisdiction to hear the appeal. *Nibert v. Ohio Dept. of Rehab. & Corr.* (1998), 84 Ohio St.3d 100, 702 N.E.2d 70, syllabus; *Carnes v. Ohio Dept. of Commerce* (Aug. 31, 2000), Franklin App. No. 99AP–1439, unreported, at 3; and *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 321, 659 N.E.2d 368, 371.

In *Carnes, supra,* the court observed: "Courts are not free to waive jurisdiction. Appellant failed to strictly adhere to the mandatory filing requirements of R.C. 119.12 [and, therefore,] the trial court did not err in dismissing the appeal." It is clear from the record in this case that appellant filed the original of her notice of appeal with this court. Although that filing was timely, there is no indication that there was a simultaneous or timely filing with DAS. The clerk of this court served a copy of the notice of appeal on appellee on November 22, 2000. While counsel for appellee does acknowledge that appellant represented during a telephone conversation that she had mailed a copy to DAS, there is no other

evidence in the record to confirm that information. Also, the copy of the notice of adjudication order attached by appellant to her notice of appeal in this court clearly advises appellant as follows:

"In the event that you do appeal, you must file your Notice of Appeal with the Department of Administrative Services within 15 days from the mailing of this letter. A copy of your Notice of Appeal must also be filed with the Franklin County Court of Common Pleas."

Based upon the cited authority, the court must grant the motion to dismiss filed by appellee on January 23, 2001. Because this court lacks subject-matter jurisdiction to consider the motion for judgment on the record filed by appellee the same day, that motion must be denied. The court is without jurisdiction to rule upon the merits of the appeal.

For these reasons, the court orders that appellee's motion to dismiss the appeal, filed January 23, 2001, on the ground that this court lacks subject-matter jurisdiction, shall be, and is, granted. However, the court orders that appellee's motion for judgment on the record, filed January 23, 2001, shall be, and is, denied for want of subject-matter jurisdiction.

It is so decided and so ordered.

*Judgment accordingly.*