THE STATE, EX REL. S. S. "JOE" BURFORD, INC., *v.* PRESTON, DIRECTOR OF HIGHWAYS, ET AL.

THE STATE, EX REL. SOUTHERN CONTRACTING CO., *v.* PRESTON, DIRECTOR OF HIGHWAYS, ET AL.

(Nos. 6526 and 6527—Decided January 17, 1961.)

*Messrs. Knepper, White, Richards, Miller & Roberts, Mr. Hugh A. Sherer* and *Mr. John A. Jenkins,* for relators.

*Mr. Mark McElroy,* attorney general, and *Mr. Gerald J. Celebrezze,* for respondents.

BRYANT, P. J. This opinion relates to case No. 6526 in which S. S. "Joe" Burford, Inc., herein called Burford, is relator, and case No. 6527 in which the Southern Contracting Company, herein called Southern, is relator. Respondents in both cases are two state officials, Everett S. Preston, State Highway Director, and James A. Rhodes, State Auditor.

On April 29, 1958, the State Highway Department entered into a contract with the Bruns Coal Company, herein called Bruns, for the construction of a highway in Lawrence County, Ohio. According to the petition, Bruns subsequently subcontracted part of the work to Southern and Southern assigned a portion of the work arising under the subcontract to Burford.

From the whole record we infer that, for a period of time, payments were made for the work done in the regular manner, after which payments stopped entirely. The petition discloses in detail the filing of sworn and itemized statements showing work done and amounts due and owing, making various allegations as to the filing of such sworn and itemized statements, and the taking of other steps required by law in such cases.

Both relators have brought original actions in this court seeking writs of mandamus against the two state officials involved to require them to take the steps necessary to pay the amounts represented by the three sworn and itemized statements. The answers filed by the two respondents contain a number of formal admissions, several general denials and the allegation of some new matters.

Respondents in their answer brief say there are two questions of law involved, namely, whether mandamus is the proper remedy to recover such funds, and whether relators are entitled to the funds held by the Highway Director. As we see it there is still another question which must be answered before these two may be considered, that is whether the petition states a cause of action in mandamus.

According to Section 2731.01 of the Revised Code, mandamus may be invoked to require "the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

Section 2731.05 of the Revised Code forbids the issuance of the writ "when there is a plain and adequate remedy in the ordinary course of the law."

In 35 Ohio Jurisprudence (2d), 241, Mandamus, Section 3, there appears the following:

"Mandamus is an extraordinary legal remedy, granted only in those cases where relief cannot be otherwise obtained. * * *"

The duty is upon the relator to show affirmatively that there is no plain and adequate remedy in the ordinary course of the law. In *State, ex rel. Libby-Owens-Ford Glass Co.,* v. *Industrial Commission,* 162 Ohio St., 302, the second paragraph of the syllabus reads in part as follows:

"A writ of mandamus will ordinarily be refused by the Supreme Court under its constitutional powers *unless the relator shows affirmatively* that there is no plain and adequate remedy in the ordinary course of the law, including equitable remedies; * * *." (Emphasis added.)

See, also, *State, ex rel. Adams,* v. *Rockwell,* 167 Ohio St., 15, which is to the same effect.

Nowhere in the record in either of the cases now before us

is there any showing on behalf of the relator, or otherwise, that there is no plain and adequate remedy in the ordinary course of the law. The burden is upon the relator to make such showing, and the absence thereof is necessarily fatal to relator's cause of action in mandamus. Inasmuch as relators may wish to amend their petitions, we observe also that the petitions make no reference whatever to the provisions of Section 5525.06 of the Revised Code forbidding successful bidders to contract any part of the work with any subcontractor who has not been qualified by the Department of Highways, or to Section 5525.19 of the Revised Code as to the furnishing of progress estimates by the resident engineer and their approval by the Highway Director as conditions precedent to the payment for highway construction work, and also requiring the withholding of eight per cent of the contract price until the completion of the work and the opening of the highway for public use.

For the reasons above set forth, the writs of mandamus prayed for in cases Nos. 6526 and 6527 must be refused and the petitions dismissed.

*Writs denied.*

DUFFY and DUFFEY, JJ., concur.