OPINION
Madonna L. Reichart-Spaeth is appealing a judgment of the Montgomery County Common Pleas Court which dismissed her Administrative Appeal and Mandamus action.
On October 9, 1985, Ms. Reichart-Spaeth, Appellant, applied to the State of Ohio's Counselor and Social Worker Board (hereinafter "Board"), Appellee, for a Licensed Professional Counselor license (hereinafter "LPC") and a Licensed Independent Social Worker license (hereinafter "LISW") pursuant to R.C. 4757's grandparenting provisions. In August of 1986, the Social Worker Committee of the Board determined that Ms. Reichart-Spaeth failed to qualify for a LISW because she did not have a masters degree in social work and referred her application to the Counselor Committee of the Board. The Counselor Committee reviewed Ms. Reichart-Spaeth's application for a LPC near the end of 1987 and determined that she also lacked the qualifications for a LPC.
The Board on March 22, 1993 sent Ms. Reichart-Spaeth a "compromise letter" which stated:
 Your application indicated you did not possess the qualifications for LISW. However, the Social Worker Professional Standards Committee (SWPSC) will review your application for Licensed Social Worker (LSW), if you desire.
 Before the Board takes formal action on your application, you may request consideration for LSW [Licensed Social Worker] in lieu of LISW. Please respond by checking the appropriate box and return * * *. If you do not respond, the Board will act on your LISW application.
Ms. Reichart-Spaeth responded by checking the response that provided, "I request consideration for Licensed Social Worker," and signing and returning the letter. In so doing, Ms. Reichart-Spaeth terminated her application for a LISW, and instead, altered her application to be for a Licensed Social Worker (hereinafter "LSW"). Upon receipt of the signed compromise letter, the Board approved Ms. Reichart-Spaeth as a LSW and issued her license on May 22, 1993.
On January 13, 1994, the Board's Counselor Committee re-reviewed Ms. Reichart-Spaeth's application for a LPC and determined that she was not qualified because she lacked a master's degree in or relating to counseling. The Board sent Ms. Reichart-Spaeth a formal notice of its intent to deny her application for a LPC on June 17, 1994 via certified mail. Ms. Reichart-Spaeth signed for and received the notice on July 1, 1994. The formal notice informed Ms. Reichart-Spaeth that a hearing could be held on her application if she desired, but that the request had to be received by the Board within thirty days of the mailing of the notice. Ms. Reichart-Spaeth's request did not arrive at the Board's office until August 11, 1994 which was beyond the thirty day period allowed for filing a hearing request. In September of 1994, the Board considered Ms. Reichart-Spaeth's LPC application and voted to deny her application, issuing its Findings, Order, and Journal Entry on October 28, 1994. The Board attempted to serve the entry denying the application for a LPC via certified mail but the entry was returned to the Board's office.
On October 28, 1998, the Board again attempted to deliver the entry, which was a copy of the original entry with the original date and certified mail number crossed out and replaced with the new date and certified mail number. Ms. Reichart-Spaeth and her attorney each received this entry, which was accompanied by the original June 17, 1994 letter informing Ms. Reichart-Spaeth of the Board's intent to deny her LPC application. This entry informed Ms. Reichart-Spaeth and her attorney of her right to appeal the Board's determination to a court of common pleas within fifteen days.
On November 12, 1998, Ms. Reichart-Spaeth filed an "Appeal of Denial of License and Mandamus." Upon a motion by the Board, the trial court severed the administrative appeal and the mandamus action on June 29, 1999, but the two separate actions retained the same case number. On April 13, 2000, the trial court granted the Board's motion to dismiss the mandamus action. Also, upon the Board's motion, the trial court dismissed the administrative appeal on August 29, 2000. Ms. Reichart-Spaeth filed her notice of appeal on September 28, 2000, appealing the April 2000 dismissal of the mandamus action and the August 2000 dismissal of the administrative appeal.
As for Ms. Reichart-Spaeth's appeal of the trial court's dismissal of her administrative appeal, she raises three assignments of error:
 1. THE COURT ERRED IN RULING THAT APPELLANT COULD NOT APPEAL THE DENIAL OF HER REQUEST FOR LICENSING BECAUSE SHE DID NOT COMPLY WITH HEARING REQUIREMENTS.
 2. [APPELLEE] FAILED TO FOLLOW THE MANDATORY REQUIREMENTS OF THE STATUTE WHEN IT SEND {SIC} NOTICE OF HEARING.
 3. THE COURT ERRED IN FINDING THAT THE NOTICE WAS MAILED ON JUNE 17[, 1994].
As for Ms. Reichart-Spaeth's appeal of the trial court's dismissal of her mandamus action, she raises one assignment of error:
 1. THE COURT ERRED IN RULING THAT THE BOARD WAS NOT UNDER A LEGAL DUTY TO ISSUE [A] NOTICE OR A DECISION REGARDING PLAINTIFF'S LISW APPLICATION.
I. Administrative Appeal
The standard of review for an appellate court reviewing the judgment of the trial court on an administrative appeal is only to determine if the trial court abused its discretion. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621; Lorain Co. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261. An abuse of discretion constitutes more than a mere error of judgment but rather demonstrates an attitude on behalf of the court which is arbitrary, unconscionable, or unreasonable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
a. Appellant's first assignment of error:
Appellant argues that the trial court erred in dismissing her administrative appeal because of a lack of jurisdiction when the Board deprived her of her right to a hearing and to exhaust her administrative remedies by sending her an erroneous notice. We disagree.
A failure to timely request an administrative hearing constitutes a failure to exhaust administrative remedies. State Med. Bd. v. Fiorica (Nov. 3, 1988), Franklin App. No. 88AP-516, unreported. R.C. 119.12 does not provide a right to appeal a case on the merits when no administrative hearing occurred due to the applicant's failure to make a timely request to the licensing board. Id. An applicant's failure to request an administrative hearing before a state licensing board and thereby exhaust his administrative remedies divests the trial court and the appellate court of jurisdiction to hear the appeal. Harrison v. Ohio State Medical Board (1995), 103 Ohio App.3d 317, 318-319; Alcover v. Ohio State Med. Bd. (Dec. 10, 1987), Cuyahoga App. No. 54292, unreported; Hsueh v. State Med. Bd. (Oct. 17, 1989), Franklin App. No. 88AP-276, unreported; Fiorica, supra. The trial and appellate court are limited to determining if the board's decision that the applicant's request for a hearing was untimely was proper — not the merits as to whether or not the board's decision was appropriate. Harrison, supra.; Alcover, supra; Hsueh, supra.
In the instant action, on June 17, 1994, the Board mailed Ms. Reichart-Spaeth notice of its intent to deny her application for a LPC, which informed and authorized her to request a hearing within thirty days of the mailing of the notice. Ms. Reichart-Spaeth signed for and received the notice on July 1, 1994. Yet, Ms. Reichart-Spaeth waited until July 30, 1994 to write a letter requesting a hearing, which the Board did not receive until August 11, 1994. Thus, Ms. Reichart-Spaeth did not cause a request for a hearing to be received by the Board within thirty days of the mailing of the notice. Ms. Reichart-Spaeth argues that she did not receive this notice until October 28, 1998. However, her signature is on the certified mail receipt on July 1, 1994 and she responded to the notice with a request for a hearing, albeit untimely, in August of 1994. Therefore, by failing to timely request a hearing, Ms. Reichart-Spaeth waived her opportunity for an administrative hearing and failed to exhaust her administrative remedies. Since Ms. Reichart-Spaeth failed to exhaust her administrative remedies, as in Fiorica, Harrison, Alcover, and Hsueh, the trial court is divested of jurisdiction to hear this appeal on the merits of Appellant's claim. Thus, the trial court correctly found that it did not have jurisdiction and Appellant's appeal of the trial court's dismissal of her administrative appeal is without merit and overruled.
b. Appellant's second assignment of error:
Appellant argues in her second assignment of error that the Board failed to comply with the statute because it sent Appellant her notice via certified mail when the statute requires it be sent by registered mail. We disagree.
R.C. 119.07 provides "the agency shall give notice to the party informing him of his right to a hearing. Notice shall be given by registered mail * * *." However, R.C. 1.02(G) states, "`Registered mail' includes certified mail and `certified mail' includes registered mail." Therefore, the Board's certified mailing of the notice to Ms. Reichart-Spaeth satisfied the registered mail requirement of the statute. Appellant's second assignment of error is without merit and overruled.
c. Appellant's third assignment of error:
Appellant argues in her third assignment of error that the trial court incorrectly concluded that the Board mailed the notice on June 17, 1994 when it had no evidence before it that the notice was mailed on that date. We disagree.
The trial court dismissed Appellant's action because it found that she failed to exhaust her administrative remedies by failing to convey a request for a hearing within thirty days of the mailing of the notice. The trial court found that the notice was mailed on June 17, 1994. A copy of the notice showed that it was dated June 17, 1994. Moreover, the certified mail receipt had a postmark date of June 17, 1994.[1] Thus, the trial court had before it evidence that the notice was mailed on July 17, 1994 and did not abuse its discretion. The Appellant's third assignment of error is without merit and overruled.
II. Mandamus Action
Appellant asserts that the trial court erroneously dismissed her mandamus action when it determined that the Board did not have a legal duty to issue her a notice or a decision regarding her LISW application. We disagree.
Whether an individual is entitled to mandamus relief is a purely legal question. State ex rel. S. S. "Joe" Burford, Inc. v. Preston (1961),112 Ohio App. 527, 528, 16 O.O.2d 445. Since it is a question of law, this court exercises plenary powers of review. University Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339.
The Ohio Supreme Court has established the standard for a mandamus action is as follows:
 [I]n order for a writ of mandamus to issue the relator must demonstrate `(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.'
State ex rel. Berger v. McMonagle, (1983), 6 Ohio St.3d 28, 29. If a relator fails to establish any one of the three prongs, he is deprived of mandamus relief. Id.
In the instant action, Ms. Reichart-Spaeth cannot meet the first prong of the mandamus standard. The Board on March 22, 1993 sent Ms. Reichart-Spaeth a "compromise letter" which stated:
 Your application indicated you did not possess the qualifications for LISW. However, the Social Worker Professional Standards Committee (SWPSC) will review your application for Licensed Social Worker (LSW), if you desire.
 Before the Board takes formal action on your application, you may request consideration for LSW [Licensed Social Worker] in lieu of LISW. Please respond by checking the appropriate box and return * * *. If you do not respond, the Board will act on your LISW application.
Ms. Reichart-Spaeth responded by checking the response that provided, "I request consideration for Licensed Social Worker," and signing and returning the letter. In so doing, Ms. Reichart-Spaeth transformed her application for a LISW into an application for a LSW, which she was promptly issued. Thus, Ms. Reichart-Spaeth voluntarily terminated her application for a LISW by taking these actions. The compromise letter communicated that Ms. Reichart-Spaeth had a choice between pursuing her LISW application, which she was not likely to be granted, and transforming her application into an application for a LSW, which would terminate the LISW application process. Since Ms. Reichart-Spaeth voluntarily terminated her LISW application she has no legal right to a notice, hearing, or decision on her LISW application and cannot meet the first prong of the mandamus standard. Therefore, the trial court did not err in dismissing Appellant's mandamus action and this assignment of error is without merit and overruled.
The judgment of the trial court is affirmed.
 _______________ YOUNG, J.
WOLFF, P.J. and BROGAN, J., concur.
[1] Although the postmark date is not legible on the copy included in the appendix to the Appellee's brief filed with the Court of Appeals, the postmark date of July 17, 1994 is visible on the copy attached to the Board's original motion to dismiss filed on December 23, 1998 with the trial court.