**ARNDT, Appellant, v. SCOTT, State Fire Marshal, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5220. Decided September 22, 1955.

190

Paul Mancino, Cleveland, for appellant.
Hon. C. William O'Neill, Atty. Genl., Earl N. Merwin, Asst. Atty. Genl., Columbus, for appellee.

**OPINION**

By MILLER, PJ.

This is a law appeal from an order of the Common Pleas Court dismissing the appeal for the reason that the notice of appeal was not filed within the time required by §119.12 R. C.

The record discloses that on September 1, 1953, the State Fire Marshall issued an order to the appellant ordering her to either repair or tear down a certain building owned by her, which is the subject of this action; that on June 9, 1954, she appealed from the order and requested a hearing before the Fire Marshal which was granted, although not seasonably filed. The hearing before the Fire Marshal was commenced on June 17, 1954, with counsel and the appellant being present. At the conclusion of this hearing the Fire Marshal continued the hearing until August 20, 1954, in order to give the appellant further time to repair the building. On August 30, 1954, the hearing was resumed and concluded and the original order affirmed. The notice of the order of affirmance was mailed to the appellant on September 2, 1954. She filed a notice of appeal with the Fire Marshal on September 24, 1954, and a copy of the same with the Court on September 27, 1954.

The appellant admits that the notice of appeal was not filed within fifteen days after the mailing of the notice of the order as required by §119.12 R. C. She claims, however, and supports the same by affidavit, that she did not receive the mailed copy of the order at her residence address for the reason that she was in ill health and for this reason had gone to Hot Springs, Arkansas, where the same was received by her on September 15, 1954; that she immediately forwarded the same to her attorney who was unable to file the notice of appeal within the fifteen day period required by statute.

The question presented is whether the provisions of the statute are mandatory or under the circumstances was the same seasonably filed. It has been held in numerous cases that a notice of appeal must be filed within the time fixed by law or the appeal will be dismissed. 1 O. Jur. 2d, 596; **Travis v. Public Utilities Commission, 123 Oh St 355;** **North American Committee v. Bowsher, 132 Oh St 599;** **Zier v. Bureau of Unemployment Compensation, 151 Oh St 123;** **Webber v. Public Utilities Commission, 154 Oh St 209.**

It is to be noted that the right of appeal is not an inherent right but it is one which may be conferred by statute. In **Lindblom v. Board of Tax Appeals, 151 Oh St 250,** at page 253, Judge Stewart says:

"There is no right of appeal from a judgment of a court or decision of a statutory board except as it is conferred by law.

"In the case of **City of Middletown v. City Commission of Middletown, 138 Oh St 596,** 37 N. E. (2d), 609, Judge Zimmerman in writing the opinion of the court said, on page 603:

" 'The right of appeal is not an inherent or inalienable right, but must be conferred by authority upon the person who would enjoy it. 2 American Jurisprudence, 847, Section 6. It is unknown to the common law. 4 Corpus Juris Secundum, 81, Section 18. The Constitution of Ohio prescribes the jurisdiction of certain courts, but is silent as to who may prosecute an appeal. It is therefore necessary to turn to the statutory law of the state.' "

The appellant urges, however, that a constitutional question is presented, and that she is entitled to an appeal as of right and therefore the motion should have been overruled. This identical question seems to have been passed upon in Travis v. Public Utilities Commission, supra, at page 361, wherein Chief Justice Marshall says:

"It is claimed by counsel for Krumm that the record presents a question arising under the Constitution, and that therefore he may file his petition in error as of right. This question need not be decided, because, if a constitutional question be conceded, the proceeding must be filed within the time limited for prosecuting error from the commission."

Finding no error in the record, the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.