MUDGETT, Appellant and Cross–Appellee,

v.

OHIO STATE BOARD OF EMERGENCY MEDICAL
SERVICES, Appellee and Cross–Appellant.

[Cite as *Mudgett v. Ohio State Bd. of Emergency Med.
Servs.*, 165 Ohio App.3d 330, 2005-Ohio-6171.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–05–10.

Decided Nov. 21, 2005.

Michael J. Streng, for appellant and cross–appellee.

Michelle T. Sutter, Assistant Attorney General, for appellee and cross–appellant.

ROGERS, Judge.

{¶ 1} Appellant/cross–appellee, James Brent Mudgett, appeals a judgment of the Union County Court of Common Pleas, dismissing, for lack of jurisdiction, his notice of appeal from the decision of appellee/cross–appellant, the Ohio State Board of Emergency Medical Services ("EMS Board"), permanently revoking his certificate to practice as an emergency medical technician. On appeal, Mudgett asserts that the trial court erred in dismissing his appeal for lack of jurisdiction. In a cross–appeal, the EMS Board asserts that the trial court erred in denying the EMS Board's motion to dismiss on the alternative grounds that Mudgett failed to properly perfect his appeal. Although we find that the trial court did err in finding that Mudgett had properly perfected his appeal, we nevertheless affirm the judgment of the trial court, albeit for different reasons.

{¶ 2} In December 2003, Mudgett pleaded guilty to one charge of domestic violence, in Delaware County, Ohio. Subsequently, Mudgett self–reported the incident to the EMS Board.

{¶ 3} In May 2004, Mudgett met with EMS Board investigator Rob Reutnik about his conviction. During that meeting, Mudgett was led to believe that the issue would be settled through a consent agreement. In June 2004, the EMS

Board allegedly sent Mudgett an offer to enter into a consent agreement. However, Mudgett claims that he never received the consent agreement, and a consent agreement was never signed between Mudgett and the EMS Board.

{¶ 4} In August 2004, Mudgett was sent, by certified mail, a notice of an opportunity for a hearing. The notice of an opportunity for a hearing stated that the EMS Board was proposing that Mudgett's certificate to practice be suspended, revoked, refused, or limited. Specifically, the notice alleged that Mudgett's domestic–violence charge was a misdemeanor involving moral turpitude pursuant to Ohio Admin.Code 4765–10–03(B)(2)(c). Additionally, the notice contained sufficient notice of Mudgett's right to request a hearing pursuant to R.C. 119.07. Mudgett never responded to the notice of an opportunity for a hearing.

{¶ 5} On January 6, 2005, Mudgett was sent, by certified mail, a letter informing him that no request for a hearing had been received but that a hearing, which he could attend, was going to be held on January 19, 2005, before the EMS Board. Mudgett did not attend the January 19, 2005 hearing.

{¶ 6} On February 11, 2005, Mudgett was sent, by certified mail, a Goldman Adjudication Order from the EMS Board revoking his certificate to practice. On February 22, 2005, Mudgett filed his notice of appeal with the Union County Court of Common Pleas. On February 24, 2005, the EMS Board received from the Union County Clerk of Courts a certified copy of Mudgett's notice of appeal, which had been filed with the trial court.

{¶ 7} In March 2005, the EMS Board filed a motion to dismiss Mudgett's notice of appeal, claiming that Mudgett had failed to exhaust his administrative remedies and that Mudgett had failed to perfect his notice of appeal. Subsequently, the trial court filed a judgment granting the EMS Board's motion. Specifically, the trial court found that it had no jurisdiction over Mudgett's appeal because he had failed to exhaust his administrative remedies. However, the trial court denied the EMS Board's motion on the second ground, finding that Mudgett's failure to first file a notice of appeal with the EMS Board did not result in Mudgett's failure to perfect his appeal. It is from this judgment that Mudgett and the EMS Board appeal, presenting the following assignment of error and cross-assignment of error for our review.

### Appellant's Assignment of Error

The common pleas court erred in sustaining appellee's motion to dismiss on the ground that appellant failed to exhaust his administrative remedies and finding that the court lacked jurisdiction to consider the merits of the appeal.

#### Cross–Appellant's Assignment of Error

The common pleas court committed reversible error when it denied the motion to dismiss of the appellee, The Ohio Board of Emergency Medical Services ("EMS BOARD"), wherein EMS BOARD argued that Appellant, James Brent Mudgett ("Appellant") had failed to properly perfect his appeal by failing to file his Notice of Appeal with EMS BOARD.

{¶ 8} Because of the nature of the claims, we will address cross-appellant's assignment of error first.

#### Cross–Appellant's Assignment of Error

{¶ 9} In the cross-assignment of error, the EMS Board asserts that the trial court erred in failing to grant its motion for dismissal on the grounds that Mudgett's notice of appeal was not perfected. Specifically, the EMS Board argues that Mudgett failed to file his notice of appeal with the EMS Board pursuant to R.C. 119.12. We agree.

{¶ 10} R.C. 119.12 provides:

Any party desiring to appeal shall file a notice of appeal *with the agency* setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.

(Emphasis added.)

{¶ 11} The right of appeal in this type of action is not an inherent right. Rather, it has been conferred by statute. *Arndt v. Scott* (1955), 72 Ohio Law Abs. 189, 134 N.E.2d 82. As the Ohio Supreme Court has stated: "We have consistently held that where a statute confers a right of appeal, as in the instant case, strict adherence to the statutory conditions is essential * * *." *Holmes v. Union Gospel Press* (1980), 64 Ohio St.2d 187, 188, 18 O.O.3d 405, 414 N.E.2d 415.

{¶ 12} As noted above, Mudgett filed his notice of appeal with the Union County Court of Common Pleas on February 22, 2005. On February 24, 2005, the EMS Board received, from the Union County Clerk of Courts, a certified copy of Mudgett's notice of appeal. While the EMS Board did receive a copy of Mudgett's notice of appeal, R.C. 119.12 clearly provides that a party must file a notice of appeal with the agency that made the order being appealed from. Here, Mudgett never "file[d] a notice of appeal with [the EMS Board]" as required under R.C. 119.12. Rather, it was the Union County Clerk of Courts that sent and faxed a copy of the notice of appeal to the EMS Board. While Mudgett asserts in his brief that he "caused a Notice of Appeal to be served upon

Appellee," we can find no such evidence in the record before us. Rather, the trial court's record contains a certified envelope addressed to the EMS Board with the Union County Clerk of Courts return address. Additionally, the EMS Board's record clearly states that certified copy of the notice of appeal was received from the Union County Clerk of Courts.

{¶ 13} Upon review of the case law, we cannot find that a copy of the notice of appeal is sufficient to satisfy R.C. 119.12 requirement that the original notice of appeal be filed with the agency that set forth the order. In *Stultz v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 04AP–602, 2005-Ohio-200, 2005 WL 110472, the Tenth District Court of Appeals addressed a similar issue. In *Stultz*, the court held that "by first filing an original notice of appeal with the common pleas court and then filing a copy with DAS, appellant failed to comply with the requirements of R.C. 119.12, and the trial court properly dismissed his appeal." Id. at ¶ 7. See, also, *Buchler v. Ohio Dept. of Commerce* (July 12, 2001), 8th Dist. No. 78401, 2001 WL 792736; *Young Israel of Beachwood v. Beachwood* (2000), 138 Ohio App.3d 89, 90, 740 N.E.2d 349; *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 321, 659 N.E.2d 368.

{¶ 14} Here, like *Stultz*, regardless of the agency's receipt of a copy of the notice of appeal, the failure to wholly comply with the requirements of R.C. 119.12 requires this court to find that Mudgett's appeal was not properly perfected. Accordingly, the cross-assignment of error is sustained, and the judgment of the trial court is affirmed, albeit for different reasons.

## Appellant's Assignment of Error

{¶ 15} In appellant's assignment of error, he asserts that the trial court erred in finding that it lacked jurisdiction to consider his appeal of the EMS Board's adjudication order. Specifically, Mudgett asserts that the trial court erred in finding that his failure to request a hearing with the EMS Board constitutes a failure to exhaust his administrative remedies.

{¶ 16} Based our above holding that Mudgett's appeal of the EMS Board's order was not properly perfected and that the trial court's judgment entry dismissing his appeal be affirmed, we find it unnecessary to address Mudgett's assignment of error. Accordingly, Mudgett's assignment of error is overruled.

{¶ 17} Having found that Mudgett failed to perfect his appeal, we affirm the judgment of the trial court.

Judgment affirmed.

BRYANT and SHAW, JJ., concur.