JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff The Housing Advocates, Inc. ("Housing") appeals from the order of the trial court that dismissed its appeal from the "no probable cause" finding of the Ohio Civil Rights Commission ("OCRC"), as untimely. For the reasons set forth below, we affirm.
 {¶ 2} On March 31, 2003, Housing filed a complaint with the OCRC alleging that various insurance companies[1]
discriminated against African-Americans, Hispanics and their communities by charging higher base rates for homeowners insurance in various Ohio cities as compared to the surrounding suburban areas.
 {¶ 3} In a Letter of Determination dated February 19, 2004, and delivered to Housing the next day, the OCRC found "no probable cause" to support the complaint.
 {¶ 4} In relevant part, the OCRC's Letter of Determination stated:
 {¶ 5} "This determination of the Ohio Civil Rights Commission constitutes a Final Order and is subject to judicial review. The right to obtain judicial review of this determination, and the mode and procedure thereof, is set forth in R.C. 4112.06. A petition for judicial review must be filed within THIRTY (30) days of the date of mailing of this determination. For further information on the process of obtaining judicial review, you are advised to consult an attorney."
 {¶ 6} R.C. 4112.06(H) in turn provides that judicial review may be instituted by a complainant within thirty days from the service of the administrative order.
 {¶ 7} The Letter of Determination additionally notified Housing that it could request reconsideration within ten days.
 {¶ 8} Housing requested reconsideration of the no probable cause determination. On March 16, 2004, the OCRC denied the request for reconsideration following a hearing. Housing appealed to the court of common pleas on April 9, 2004, approximately three weeks after the expiration of the thirty-day deadline.
 {¶ 9} The trial court dismissed the action for lack of a timely notice of appeal. Housing now appeals and assigns four errors for our review which we will address out of their predesignated order for the sake of convenience.
 {¶ 10} Housing's third assignment of error states:
 {¶ 11} "The trial court erred in failing to find that the OCRC's own Letter of Determination is misleading in regard to the time limit imposed upon a complainant for obtaining judicial review of an OCRC determination."
 {¶ 12} The right of appeal from an administrative order is not an inherent right; rather, it is a right conferred by statute. Mudgett v. Ohio State Bd. of Emergency Med. Servs.,
Union App. No. 14-05-10, 2005-Ohio-6171, citing Arndt v. Scott
(1955), 72 Ohio L. Abs. 189, 134 N.E.2d 82. Where a statute confers a right of appeal, the appealing party must strictly adhere to the statutory conditions. Holmes v. Union GospelPress (1980), 64 Ohio St.2d 187, 188, 414 N.E.2d 415.
 {¶ 13} In G D, Inc. v. Ohio State Liquor Control Comm'n,
Franklin App. No. 01AP-1189, 2002-Ohio-2806, the court rejected a claim that the administrative order was misleading as to the appeal time. In that case, the appellant challenged an order of the Ohio Liquor Commission that suspended appellant's liquor license. The orders contained a notice of appeal rights indicating that an appeal must be filed within twenty-one days in the "Court of Common Pleas with competent jurisdiction" and with the commission. G D did not file its appeal to the court of common pleas within this time period and the appeal was dismissed. On appeal, G D complained that the commission's notice of appeal rights contained in the order was inaccurate and incomplete. In rejecting this contention, the court stated:
 {¶ 14} "* * * appellant cannot claim that the generality of such notice was misleading or ambiguous given the direct citation to R.C. 119.12, which explicitly indicates that the only court with proper jurisdiction to hear appeals from Liquor Control Commission orders is the Franklin County Court of Common Pleas. In no way did the commission's instructions direct appellant to appeal to any other court. There could be little confusion of the proper filing procedure given the unequivocal language contained in R.C. 119.12. Appellant fails to present any compelling argument as to why it was unable to follow the directions as set forth in the statute[.]"
 {¶ 15} Similarly, in Gottfried v. Dep't of Rehab. Corr.,
Crawford App. No. 3-04-33, 2005-Ohio-1783, the appellant challenged an administrative order placing him on involuntary disability separation. The order stated that "where applicable, this Order may be appealed under the provisions of Chapter 124 and 119." The appellant contended that the Board's notice of appeal rights was inaccurate and incomplete. The court rejected this claim and stated that the Board's notice generally referenced R.C. 119 and provided sufficient notice.
 {¶ 16} In this matter, the OCRC's order clearly informed Housing that the right to obtain judicial review of this determination, and the mode and procedure thereof, is set forth in R.C. 4112.06. It further stated:
 {¶ 17} "A petition for judicial review must be filed within THIRTY (30) days of the date of mailing of this determination."
 {¶ 18} This language was sufficient to advise Housing of the deadline and controlling statutory provision. In addition, although the order also contained a provision for reconsideration, this section in no way negated the requirements for judicial review, and in any event, the OCRC denied the motion for reconsideration well within the appeal time, as the motion was denied on March 16, 2004, and the appeal could be filed by March 22, 2004. We find nothing misleading about the OCRC's order or conduct in this matter.
 {¶ 19} The third assignment of error is without merit.
 {¶ 20} Housing's first and second assignments of error are interrelated and state:
 {¶ 21} "The trial court erred by failing to find that the OCRC's denial of Appellant's Motion for Reconsideration was relevant to the `Final Order of the Commission,' under R.C.4112.06, to be used in calculating the deadline for filing an appeal of that OCRC determination."
 {¶ 22} "The trial court erred by failing to find that the filing of a Motion for Reconsideration tolls the time limitation for requesting judicial review."
 {¶ 23} It is well-settled that a motion for reconsideration cannot be used to extend the time for filing a notice of appeal. See Kauder v. Kauder (1974), 38 Ohio St.2d 265, 313 N.E.2d 797.
 {¶ 24} Further, in this instance the OCRC clearly advised Housing that it had thirty days to obtain judicial review of the ruling, and it directed Housing to R.C. 4112.06 which likewise provides that judicial review may be instituted by a complainant within thirty days from the service of the administrative order. Although there was a provision for reconsideration which Housing invoked, nothing about this provision negates or detracts from the previous section regarding judicial review and the decision on reconsideration was issued on March 16, 2004, or six days before expiration of the appeal period. We conclude that neither the provision for reconsideration nor the invocation of such provision operates to toll the time for seeking judicial review, and the denial of reconsideration did not commence the time within which appeals were to be filed.
 {¶ 25} The first and second assignments of error are without merit.
 {¶ 26} Housing's fourth assignment of error states:
 {¶ 27} "The trial court erred by failing to find that the imposition of a thirty (30) day time limitation violates public policy."
 {¶ 28} We note that thirty-day appeal times are in effect throughout Ohio jurisprudence. See e.g.,28 U.S.C. § 2412(d)(1)(B); App.R. 4(A). Indeed, in most administrative appeals an appellant has thirty days within which to file a notice of appeal, "unless otherwise provided by law." R.C.2505.07.
 {¶ 29} Moreover, in Gray v. Ohio Civil Rights Comm. (1987),37 Ohio App.3d 16, 17, 523 N.E.2d 338, 339, the court, rather than disapproving the thirty-day limit of R.C. 4112.06, stated that open-ended statutes of limitation are contrary to public policy. See, also, Ramsdell v. Ohio Civil Rights Commn. (1990),56 Ohio St.3d 24, 563 N.E.2d 285, wherein the court stated:
 {¶ 30} "However, if R.C. 4112.06(H) does not impose a mandatory thirty-day time limit on commission appeals, a party seeking to appeal a commission order would be free to file a petition for review at any time. Under such a regime, it is conceivable that the courts would be asked to review commission orders months or even years after their issuance, when the evidence had become stale and the parties had died or disappeared."
 {¶ 31} Accordingly, we hold that the appeal time of R.C.4112.06 does not violate public policy.
 {¶ 32} The fourth assignment of error is without merit. Affirmed.
It is ordered that appellees recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., J., and Colleen Conway Cooney, J.,Concur.
[1] Housing filed charges against Erie Insurance Exchange, Farmers Insurance Company of Columbus, State Automobile Mutual Insurance Company, Nationwide Mutual Insurance Company, State Auto Insurance Company of Ohio, State Farm Fire Casualty, and Nationwide Mutual Fire Insurance Company.