[Cite as *Lowe v. Morse*, 2025-Ohio-548.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TONYA LOWE,                              :

    Plaintiff-Appellant,        :

                          No. 113948

    v.                          :

PAM MORSE, ET AL.,                      :

    Defendants-Appellees.       :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 20, 2025

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-993764

---

### *Appearances:*

Tonya Lowe, *pro se*.

Wiles Richards and Stephanie E. Landgraf, *for appellees* Pamela Morse and Patti Boring.

Dave Yost, Ohio Attorney General, and Wayne D. Williams, Principal Assistant Attorney General, Civil Rights Section, *for appellee* Ohio Civil Rights Commission.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant Tonya Lowe ("Lowe") appeals the judgment of the common pleas court dismissing her administrative appeal against appellees the Ohio Civil

Rights Commission ("OCRC"), Pamela Morse ("Morse") and Patti Boring ("Boring"), finding that her appeal was untimely. After a careful review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} In April 2023, Lowe filed an affidavit with the Ohio Civil Rights Commission ("OCRC") alleging that Morse and Boring had discriminated against her based upon her race and disability. Morse was one of the owners of the apartment complex in which Lowe resided in Perry, Lake County, Ohio. Boring was an employee of the company that managed the apartment complex and was alleged to have been Morse's agent.

{¶ 3} On January 11, 2024, the OCRC issued a "Letter of Determination" dismissing Lowe's appeal. In the written decision that was mailed to all parties, the OCRC determined that, after conducting an investigation into Lowe's allegations, it was "not probable" that Morse and Boring had engaged in an unlawful discriminatory practice in violation of R.C. Ch. 4112.

{¶ 4} Lowed filed a notice of appeal of the decision in the Cuyahoga County Court of Common Pleas on March 4, 2024.

{¶ 5} Morse and Boring moved to dismiss the appeal, arguing that the trial court lacked subject-matter jurisdiction because Lowe's appeal had not been timely filed under R.C. 4112.06. Morse and Boring further argued that the court lacked subject-matter jurisdiction because Lowe was required to bring her appeal in the county where the unlawful discriminatory practice was alleged to have been

committed — in this case, Lake County. The OCRC also filed its own motion to dismiss under Civ.R. 12(B)(1), arguing that the appeal was untimely, which deprived the common pleas court of jurisdiction.

{¶ 6} Lowe then filed the instant appeal, essentially arguing that the trial court erred in dismissing her case for being untimely.

## II. Law and Analysis

{¶ 7} We review a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction de novo. *Rheinhold v. Reichek*, 2014-Ohio-31, ¶ 7 (8th Dist.). When ruling on a Civ.R. 12(B)(1) motion, the trial court must determine whether a plaintiff has alleged any cause of action that the court has authority to decide. *Id.* In a de novo review, we apply the same standards as the trial court. *Muhammad v. Ohio Civ. Rights Comm.* 2013-Ohio-3730, ¶ 16 (8th Dist.), citing *GNFH, Inc. v. W. Am. Ins. Co.*, 2007-Ohio-2722, ¶ 16 (2d Dist.).

{¶ 8} "The right of appeal from an administrative order is not an inherent right; rather, it is a right conferred by statute." *Hous. Advocates, Inc. v. Farmers Ins. Co. of Columbus*, 2006-Ohio-2467, ¶ 12 (8th Dist.), citing *Mudgett v. Ohio State Bd. of Emergency Med. Servs.*, 2005-Ohio-6171 (3d Dist.), citing *Arndt v. Scott*, 1955 Ohio App. LEXIS 744 (2d Dist. 1955). "Where a statute confers a right of appeal, the appealing party must strictly adhere to the statutory conditions." *Id.,* citing *Holmes v. Union Gospel Press*, 64 Ohio St.2d 187, 188 (1980).

{¶ 9} R.C. 4112.06 governs appeals to the common pleas court of a decision of the OCRC and provides, in pertinent part:

(H) If no proceeding to obtain judicial review is instituted by a complainant, or respondent within thirty days from the service of order of the commission pursuant to this section, the commission may obtain a decree of the court for the enforcement of such order upon showing that respondent is subject to the commission's jurisdiction and resides or transacts business within the county in which the petition for enforcement is brought.

{¶ 10} In analyzing the above, the Supreme Court of Ohio has noted that the statute "does not literally state that an action *must* be filed within thirty days of service of a commission order. However, such an interpretation necessarily follows from the practical operation of the statute." *Ramsdell v. Ohio Civ. Rights Comm.*, 56 Ohio St.3d 24, 25 (1990).

{¶ 11} Ohio Adm.Code 4112-1-09 provides that "[s]ervice by mail or electronic mail shall be deemed completed upon mailing." The *Ramsdell* Court held that a party has 30 days after the mailing of a final order of the OCRC to file a petition for review with the court of common pleas. *Id.*

{¶ 12} In the case sub judice, the order of the OCRC was mailed on January 11, 2024. Thirty days from the date of mailing was February 10, 2024; however, that day was a Saturday, so the deadline was extended until the following Monday, which was February 12, 2024. Lowe did not file her appeal until March 4, 2024.

{¶ 13} In her appellate brief, Lowe does not address why the court erred in dismissing her untimely appeal nor does she offer any argument as to why the filing deadline should not apply. Her brief does not cite any statutes, rules, or case law and simply reiterates that her claim against Morse and Boring is for discrimination and that she is seeking damages.

{¶ 14} While we acknowledge that Lowe has been pro se during the lower court proceedings and in the current appeal, "'pro se litigants are presumed to have knowledge of the law and legal procedures and . . . they are held to the same standard as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). "'Pro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes.'" *Fazio v. Gruttadauria*, 2008-Ohio-4586, ¶ 9 (8th Dist.), quoting *Williams v. Lo*, 2008-Ohio-2804, ¶ 18 (10th Dist.).

{¶ 15} Lowe does state in her brief that she "filed a motion to extend time," but the extension she appears to be referring to was sought in the instant appeal, not the administrative appeal below. Regardless, even if she had moved for an extension of time to file her administrative appeal, the trial court was not authorized to grant an extension of the statutory timeframe. The timing requirements of R.C. 4112.06 are jurisdictional and cannot be extended. *Ramsdell,* 56 Ohio St.3d at 27-28; *see also Mayo v. Ohio Civ. Rights Comm.*, 2017-Ohio-2892, ¶ 2 (4th Dist.) (noting that even civil and administrative rules cannot expand a court's jurisdiction beyond the bounds set by statute).

{¶ 16} Accordingly, to properly commence an appeal under R.C. 4112.06, Lowe had to file her appeal with the common pleas court within 30 days of service of the OCRC's decision. In this case, the decision was mailed on January 11, 2024. Lowe's appeal was not filed with the common pleas court until March 4, 2024, which

was after the 30-day time period.  The common pleas court lacked jurisdiction and properly dismissed her appeal.

{¶ 17} Lowe's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)